IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| IN RE: ALL CRIMINAL MATTERS ASSIGNED TO JUDGE DONALD C. COGGINS JR. | ) ) ) ) ) | **STANDING ORDER** |

In addition to the Federal Rules of Criminal Procedure and this District's Local Criminal Rules, the following rules apply to all criminal matters before the undersigned:

1.  **Continuances.** Motions to Continue filed before a scheduled pretrial conference shall state a reason under 18 U.S.C. § 3161(h)(7)(B) why a continuance is requested. Motions and proposed orders from defense counsel *must* include the language that (1) **the date and manner of communication in which defense counsel specifically advised his client that by requesting this continuance, or consenting thereto; (2) the defendant has waived his rights to a speedy trial**; and (3) that defense counsel has consulted with the Assistant U.S. Attorney ("AUSA") assigned to the case and the AUSA consents. Motions to Continue for pretrial conferences or motion hearings shall be filed at least seven (7) days prior to the hearing. Motions to Continue for sentencings shall be filed in accordance with this Order as outlined *infra* § 9.a.

2.  **Pretrial Motions.** Pretrial Motions, including Motions to Suppress, are to be scheduled for hearing prior to Pretrial Conferences. All Pretrial Motions require filing of written briefs. Motions should be filed as soon as the Pretrial Conference is noticed so the Government can adequately respond.

3.  **Voir Dire.**[1] At least five (5) calendar days prior to jury selection, all voir dire requests must be emailed to chambers at coggins_ecf@scd.uscourts.gov. *See* Local Criminal Rule

---

[1] The Court will ask potential jurors during jury selection if they know or have any connection with any of the attorneys, parties, or witnesses listed by either party in their pretrial

26.04(A) (D.S.C.). The request forms may be found at www.scd.uscourts.gov. Prior to submitting any voir dire requests, the parties must confer and determine if they can agree on these requests. If so, the agreed upon requests must be submitted as joint submissions. **The parties must also submit a list of witnesses** and, if relevant, their addresses and occupations. If you intend to seek special voir dire, you must certify that the questions you wish to ask are not duplicative of those asked in the juror questionnaire.[2]

    4.    **Requests to Strike Jurors for Cause.** Joint Strikes for Cause must be emailed to chambers at coggins_ecf@scd.uscourts.gov no later than two days prior to jury selection. In trials involving more than one defendant, the defense must select one spokesperson for the purpose of jury selection. Pursuant to Fed. R. Crim. P. 24(b)(2), the defendant or defendants jointly have ten (10) peremptory challenges in non-capital felony cases. Counsel may not waive strikes.

    5.    **Jury Instructions.** Parties must file their proposed jury instructions with the Court at least seven (7) calendar days before trial. *See* Local Criminal Rule 26.04 (D.S.C.). Do not submit repetitive requests for the same legal concept in your proposed jury instructions. Additionally, each requested instruction should contain a citation of authority with references to specific sections or pages. If unreported decisions are relied upon for support, copies of those

---

briefs. The Court will also summarize the allegations and ask if any potential juror is familiar with the dispute or has any preconceived views that may impair his or her ability to be impartial.

[2] This district requires potential jurors to complete an extensive Juror Questionnaire. Information regarding the questionnaire is available on the district's website (www.scd.uscourts.gov). The questionnaire is intended to provide more thorough information to counsel than would otherwise be available and to minimize the time necessary to conduct voir dire. Copies of the responses to the questionnaires and juror lists will be available for review via CM/ECF seven (7) days prior to jury selection and made electronically available to counsel of record only.

decisions must be attached to the jury charge request. Objections to proposed jury instructions must be filed with the Court at least (4) calendar days prior to trial.

      6.    **Meet, Mark, and Exchange Exhibits.** No later than seven (7) calendar days before the trial date, the attorneys for each side must meet for the purpose of agreeing and marking all exhibits to be used at trial, and, where possible, agree on the admissibility of trial exhibits. In the event there is an objection to any exhibit, the opposing party notify the Court via email, coggins_ecf@scd.uscourts.gov, at least four (4) days prior to trial. The form (AO187) found on the Court's website, www.scd.uscourts.gov, shall be used to create the exhibit list. After the exhibit list is prepared using sequential numbers, the parties are not to re-number the exhibits. If items are deleted, the exhibits should be struck through and marked as withdrawn. The Government may wait until the day of the trial to mark fungible evidentiary items such as drugs, money, etc. The Parties are reminded of the Court's practice of admitting all unobjected exhibits as a group immediately prior to the commencement of trial.

      7.    **Proposed Orders.** Do not file proposed orders in CM/ECF and do not submit proposed orders as a result of oral argument unless requested to do so. In the event a proposed order is requested, or otherwise appropriate, counsel should e-mail a copy of the proposed order and related motion to coggins_ecf@scd.uscourts.gov in Microsoft Word or WordPerfect formal (double-spaced), and opposing counsel should be copied on the e-mail. The e-mail subject line should include the case number and the short form of the case name. The e-mail should indicate if the order was requested or if it relates to a corresponding motion.

      8.    **Plea Agreements and Element Sheets.** Plea Agreements and Element Sheets must be filed with the Court no later than forty-eight hours prior to a plea hearing.

**9.   Sentencing.**

    a.  **Scheduling of Sentencing.**  The date for sentencing shall be set at the time of the entry of a guilty plea or jury verdict.  This date will be set for approximately four to five months from the entry of the plea or verdict to allow sufficient time for preparation of the presentence investigation report ("PSR"), the filing of any objections thereto, and the filing of any relevant motions.  Parties should be prepared to discuss any known reasons for delay at the time of entry of the plea or verdict.  ***Once the date for sentencing is set, it will only be moved upon a timely motion for continuance for good cause shown.***[3]  Failure to file a protection request does not constitute sufficient grounds to reschedule the hearing.

    b. **Objections to PSR.**  Fed. R. Crim. P. 32(e)(2) provides that the United States Probation Office (USPO) must provide the PSR to the defense at least 35 days before sentencing unless the defendant waives the minimum period.  Fed. R. Crim. P. 32(f) provides that within 14 days after receiving the PSR, the parties must state any objections in writing, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the PSR. An objecting party must provide a copy of its objections to the opposing party and to the probation officer, who is required to submit to the parties and the Court an addendum to the PSR containing any unresolved objections.

        i. **Timeliness of Objections.**  Fed. R. Cr. P. Rule 32(h)(i)(1)(D) provides that at sentencing the court may, for good cause, allow a party to make a new

---

[3] A Motion to Continue a sentencing hearing must be filed as soon as counsel is aware of a scheduling problem and no later than thirty (30) days prior to the scheduled hearing.

objection at any time before the sentence is imposed. However, dilatory conduct, procrastination, or lack of diligence on the part of counsel is not considered "good cause" within the meaning of the rule. Further, a lawyer is required to act with reasonable diligence and promptness in representing a client. 1.3, RPC, Rule 407, SCACR. Accordingly, counsel should be mindful of and adhere to the time requirements for filing objections to the PSR. Motions for variance or departure may address matters set forth in timely filed objections but should not be used as a vehicle to circumvent the time requirements for filing objections to the PSR. In the event counsel deems it necessary to file an objection outside of this deadline, a motion to file out of time must be filed which sets forth with particularity the reason the motion could not be timely filed and the good cause therefor, together with the proposed objection.

ii. **Specificity of Objections.** A mere objection to a finding in the PSR is not sufficient. The defendant has an affirmative duty to make a showing that the information in the PSR is unreliable and articulate the reasons why the facts contained therein are untrue or inaccurate. *United States v. Terry*, 916 F.2d 157, 162, (4th Cir. 1990). Without an affirmative showing the information is inaccurate, the Court is "free to adopt the findings of the [PSR] without more specific inquiry or explanation." *Id.*; *see also United States v. Revels*, 455 F.3d 448, 451 n.2 (4th Cir. 2006) (explaining that without such a showing, "the government meets its burden of proving those facts by a preponderance of the evidence, and the district court is free to

adopt the findings of the presentence report without more specific inquiry or explanation" (internal quotation marks omitted)). With respect to proceedings involving revocation of supervised release or probation, the USPO provides the parties with a violation report and an opportunity to object. The violation report provides a detailed explanation of the alleged violations and the facts underlying each of them. Parties filing objections to a violation report should adhere to the same standard described above for objections to an initial PSR. *Cf. United States v. Doctor*, 958 F.3d 226, 237 (4th Cir. 2020) (explaining that the same principles for resolving objections "could logically extend from PSRs to supervised release violation reports . . . ."). Requiring a specific basis for an objection allows the adverse party to address the objection and permits the court an opportunity to intelligently rule on the objection and avoid error.

iii. **Acceptance of Responsibility.** Section 3E1.1(a) of the United States Sentence Guidelines provides that a defendant may qualify for a two-level reduction of the offense level for acceptance of responsibility if he "clearly demonstrates acceptance of responsibility for his offense." To earn an adjustment for acceptance of responsibility, a defendant must prove to the court by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007). Further, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with

  acceptance of responsibility." U.S.S.G. § 3E1.1, n. 1(A). A defendant who enters a guilty plea is not entitled to an adjustment for acceptance of responsibility as a matter of right. U.S.S.G. §3E1.1, n. 1(H)(3). Accordingly, the Court reserves the right to reject an objection which fails to meet the requirements described above and to deny a decrease in offense level for acceptance of responsibility if it is determined that an objection is inconsistent with the truthful admission of conduct comprising the offense(s) of conviction or relevant conduct as provided in U.S.S.G. §1B1.3 and applicable law.

  iv. **Resolution of Objections.** Parties shall timely notify the Court of any resolution of objections to the PSR by emailed chambers at coggins_ecf@scd.uscourts.gov. Such notification should be made at least forty-eight hours prior to the hearing.

c. **Filing of Motions and Supporting Documents for Sentencing.** Parties shall file all pertinent motions, memoranda, character letters, victim impact statements, and any other written documents to allow sufficient time for review by the Court in preparation for sentencing.[4] Accordingly, such motions and documents must be filed no later than 14 days prior to the sentencing hearing. Responses are due 7 days prior to sentencing. Any such motion filed outside of these deadlines should be accompanied by a motion to file out of time which sets forth with particularity the reason the motion could not be timely filed, and which sets forth good cause

---

[4] However, in camera documents shall be filed in accordance with the Court's Rule 11(c) standing order.

7

therefor. If a motion for variance or departure is construed as an untimely objection to the PSR, the Court reserves the right to require counsel to follow the filing procedure set forth above so as to allow the USPO and opposing party the opportunity to respond. Given the Court's significant caseload and strains on limited judicial resources, if the unjustified failure of counsel to abide by these time requirements necessitates the postponement and rescheduling of a sentencing hearing, sanctions may be imposed and/or costs assessed as provided by law. In cases with counsel appointed pursuant to the Criminal Justice Act, the Court will carefully consider whether counsel should be compensated at public expense for attendance at a second hearing necessitated by counsel's own conduct.

    d. **Witnesses Testimony for Purposes of Sentencing.** For scheduling and timing purposes, counsel shall notify the Court if counsel intends to call witnesses at the sentencing hearing no later than fourteen (14) days prior to the hearing.

10. **Electronic Courtroom System.** Counsel are required to use the electronic courtroom presentation system during trial. If counsel has not undergone electronic courtroom training and would like to schedule a courtroom visit to familiarize themselves with the system, contact Nora Chandler in the Clerk of Court's Office (864-241-2758) regarding use of the electronic system. However, note that training will not be conducted the day prior to trial or during trial.

    **IT IS SO ORDERED.**

                                                                       s/Donald C. Coggins, Jr.
                                                                       United States District Judge

Spartanburg, South Carolina
July 1, 2025